### GULF, COLORADO & SANTA FE RAILWAY COMPANY V. L. F. BLANCHARD.

#### No. 1221. Decided June 15, 1903.

1.—Motion for New Trial—Newly Discovered Evidence—Diligence.

Affidavits as to efforts made to discover material testimony before trial, held not to show such diligence as to entitle the party, on its subsequent discovery, to new trial as matter of law, the facts disclosed suggesting the necessity for further specific inquiries as to the presence and evidence of the witness, and the affidavits being general, and not specific, as to such inquiries being made. (Pp. 617, 618.)

2.—Supreme Court—Question of Law—New Trial.

The Supreme Court has jurisdiction to determine whether the showing made on motion entitled one to a new trial as matter of law, but not to revise the exercise of discretion by the court where it did not. (P. 617.)

Certificate of dissent from the Court of Civil Appeals for the Third District, in an appeal from Milam County.

*J. W. Terry* and *Chas. K. Lee,* for appellant, cited: Howland v. Reeves, 25 Mo. App., 467; Helm v. Bassett, 9 Mo., 52; Mitchell v. Bass, 26 Texas, 372; Houston & T. C. Railway Co. v. Forsyth, 49 Texas, 171; Buford v. Bostick, 50 Texas, 371; Clark v. Gallagher, 52 Atl. Rep., 539; Mally v. Mally, 86 N. W. Rep., 262; Blewett v. Miller, 63 Pac. Rep., 157; Bullard v. Bullard, 89 N. W. Rep., 513.

In support of a motion for rehearing, which was overruled, *J. W. Terry* and *Lee & Goree* cited: Standard L. and A. Insurance Co. v. Askew, 32 S. W. Rep., 31; Boggess v. Read, 50 S. W. Rep., 44; Bonynge v. Waterbury, 12 Hun, 534; Hotchkiss v. Patterson, 48 Pac. Rep., 435; Elliott v. Harris, 81 Ky., 470; Kriger v. Hanover Natl. Bank, 16 So. Rep., 353; Grotti v. Schmidt, 45 N. W. Rep., 771; Heintz v. Cooper, 38 Pac. Rep., 511; Cox v. Prewett, 26 S. W. Rep., 589; Hays v. Westbrook, 22 S. W. Rep., 839; Alexander v. Solomon, 15 S. W. Rep., 906.

*R. Lyles* and *Henderson & Freeman,* for appellee, cited: Patterson v. Collier, 77 Ga., 292; Atkinson v. Conner, 56 Me., 546; Hanley v. Life Assn. of America, 69 Mo., 380; Phillips v. Ocmulgee Mills, 55 Ga.,

638; Travelers Insurance Co. v. Savage, 43 Conn., 192; Ninninger v. Knox, 8 Minn., 140; Milton v. Blackshear, 8 Fla., 171; Baker v. Joseph, 16 Cal., 173.

WILLIAMS, ASSOCIATE JUSTICE.—This case comes up on certificate of dissent from the Court of Civil Appeals for the Third District. The matter about which the justices differ is stated in the two opinions, the only question certified to this court being as to the sufficiency of the showing of diligence on the part of appellant to obtain the testimony for which the new trial was sought. That question, as presented, depends upon the legal effect of the affidavits offered in support of the motion and is, we think, one which this court may consider, so far as to decide whether or not the showing was such as to entitle appellant, as a matter of law, to the new trial. The trouble with the affidavits is the generality of their language and their failure to affirmatively meet and answer, by specific statements of fact, certain questions as to diligence naturally suggested by the circumstances appearing in the case. The agents for appellant, within a few days after the casualty, were engaged in seeking witnesses who knew facts concerning it. They found one Ruby, the keeper of the hotel at which Mrs. Mullen was stopping, whose testimony shows that from the front gallery of the hotel he witnessed the occurrence under investigation. It is not, we think, requiring more than ordinary diligence to expect a party seeking witnesses to such a transaction to inquire of an eyewitness, whom he has found, as to others who may have seen it. The affidavit of Mrs. Mullen states that she was standing in the front door of the same hotel upon the front gallery of which Ruby was at the same time. If Ruby knew of Mrs. Mullen's presence, inquiry of him would have put appellant's agents in possession of the fact, and it would have become their duty to make inquiry of her as to her knowledge of the occurrence; for, knowing of her presence, they could not be heard to say they did not know of her knowledge of the facts, which proper inquiry addressed to her would have developed. Here the questions at once suggest themselves: was inquiry made of Ruby as to the presence of others; and, if so, did he inform the inquirer of Mrs. Mullen's presence? The affidavits do not answer, unless the general statements contained in them as to diligence are sufficient. The objection to all such statements is that they constitute the affiant the judge of facts which should be specifically stated in order that the court may judge of their sufficiency. Hatchett v. Conner, 30 Texas, 114. The affidavit of Mr. Ralston is of the most general although comprehensive character. That of Mr. Evans, in most of its statements, is equally so. He says: "I did investigate the same as fully and thoroughly as possible, and did develop all sources of information that came to my knowledge, and did locate and talk to all witnesses I could hear of," but did not learn that Mrs. Mullen knew and would testify to any material facts. There is no statement that he did or did not make inquiry as to Ruby's knowledge of the presence of other per-

sons, or even that he did not learn of that of Mrs. Mullen. The facts stated in the affidavit, as contradistinguished from the affiant's conclusions, are consistent with any answer that might be given to the questions before suggested. Ignorance of Mrs. Mullen's knowledge of material facts is ineffectual if information of her presence on the scene was received or ought to have been obtained by reasonable diligence. While appellant may not have known even of the existence of Mrs. Mullen and therefore could not have been expected to make inquiries concerning her, it ought to have inquired of Ruby as to his knowledge of others who had opportunity to see the occurrence; and the affidavits leave the case open to either assumption, that its agents failed to inquire, or that they did inquire and learn that Mrs. Mullen was present. The affidavit of Mr. Evans does not cover this point by merely stating that he did not learn that the witness knew and would testify to the facts. The significant suggestion in the facts to be met and explained was that Ruby probably knew and could have told of Mrs. Mullen's opportunity to see the accident and she could have disclosed her knowledge.

We answer that the showing of diligence was not such as to deprive the trial court and the Court of Civil Appeals of all discretion in the matter and to entitle appellant to a new trial as a matter of law. Ables v. Donley, 8 Texas, 335.