## C. H. Cain v. Etta Corley.

### Decided November 17, 1906.

**1.—Breach of Promise—Sufficiency of Evidence.**

Evidence considered, and held sufficient to support a verdict against the defendant in a breach of promise suit. It is the peculiar province of the trial court to pass on the credibility of witnesses.

**2.—Newly Discovered Evidence—New Trial.**

When newly-discovered evidence is only cumulative and corroborative of evidence used on the trial it is not sufficient ground for new trial.

**3.—Hearsay Testimony.**

Statements by or conversations with third persons, in the absence of a party to the suit, are hearsay, and not admissible against such party, even though such statements or conversations be concerning facts about which a witness testifies and the cause of the witness remembering them.

**4.—Motives—Immaterial.**

When, in a suit for actual and exemplary damages, a verdict is returned for only actual damages, the exclusion of testimony as to defendant's good motives was harmless.

**5.—Conflicting Testimony—Question of Fact.**

The testimony being conflicting as to whether or not certain marked copies of newspapers were sent by the defendant to the plaintiff, it was a question of fact ·for the jury, and not exclusively for the court, whether said papers were sent by the defendant.

**6.—Limitation—Renewal of Contract.**

In a suit for breach of promise of marriage, although it appeared from the pleading and evidence that the first promise of marriage was made more than one year before the suit was filed, still, if it appeared also that such promise was repeated and renewed from time to time, to a period within less than one year before suit filed, the cause is not barred by limitation.

**7.—Conduct of Jury.**

In a suit for breach of promise and seduction it was shown, on motion for new trial, that, after the jury had retired to consider of their verdict, and during their deliberation, it was suggested by some of the jurors that a certain child, which the plaintiff had with her in the courtroom, looked like the defendant, and should have been introduced in evidence. Held, not such misconduct as to require a new trial.

Appeal from the District Court of Bosque County. Tried below before Hon. O. L. Lockett.

*D. W. Odell* and *Cureton & Cureton,* for appellant.—Where the plaintiff in her petition alleges in a case of this character, that the defendant entered into the marriage contract fraudulently and with a deceitful purpose, and upon the trial of the case fails to establish such allegations by a preponderance of the evidence, and the jury returns a verdict in

favor of the plaintiff, it is error for the court to refuse to grant the motion for a new trial. Riverside Lumber Co. v. Lee, 27 S. W. Rep., 161; Sparks v. Dawson, 47 Texas, 144; Gann v. Shaw & Son, 2 Texas App. Civ., sec. 258, p. 197; Marsales v. Oglesby, 1 Texas App. Civ., 103; Thornton v. Moody, 24 S. W. Rep., 332.

Contract to marry at remote time voidable. 3 Addison on Contracts, sec. 1353; Simpkins on Contracts, 160; 15 Ency. Law, 954. Certainty as to time. Salinas v. Wright, 11 Texas, 575; Rowlet v. Lane, 43 Texas, 276; Carlisle v. Hooks, 58 Texas, 420.

Utterances that have served to induce the observation of a particular fact, or to fix the recollection of it, or which serve to identify how the event became fixed in the memory, are receivable in evidence, although made by a third party to the witness in the absence of the plaintiff, and are not obnoxious to the hearsay rule; and in this case the statements made by his wife to the witness, Allen, which induced him to observe the fact of the plaintiff and Fred Myers being in bed together were admissible for all the purposes stated in the bill of exception, and as explaining the witnesses conduct in making the observation at the time and place and under the circumstances, and affecting his knowledge, recollection and credibility. 1 Elliott on Evidence, sec. 327, also secs. 539-543, inclusive; McGowen v. McGowen, 52 Texas, 663; Horton v. Reynolds, 8 Texas, 287; Texas & P. Ry. Co. v. Lester, 12 S. W. Rep., 955; Pilkenton v. G. C. & S. F. Ry. Co., 7 S. W. Rep., 807; 1 Wigmore on Evidence, secs 655, 730; Id., 3 vol., sec. 1791.

The court erred in admitting the testimony of the plaintiff, while upon the witness stand, over the defendant's objections, to the effect that while she was an inmate of the Mission Home at Dallas, in October, 1904, she received some Hico and Iredell newspapers, mailed at Iredell, Texas; that said papers were now destroyed; that certain words in the newspapers were lightly underscored in red ink; that the words underscored when put together made the sentence: "They don't allow me to see you; leave the baby and we will conclude the final act;" that the words on several pages were underscored; that she got at the meaning by commencing at the top of one paper, and reading the whole column, and when she would find a marked word she would write it down, and do the same with the next one, and that she kept writing them down and reading until they made the sentence. Kennedy v. Upshaw and Cox, 64 Texas, 419; Ballard v. Perry, 28 Texas, 360, 367; Ricker Nat. Bank v. Brown, 43 S. W. Rep., 910; Underwriters Fire Association v. Henry, 79 S. W. Rep., 1073; Stevens v. Equitable Mfg. Co., 67 S. W. Rep., 1041.

The evidence of the plaintiff as to the contents of the newspaper was not the best evidence, because, although she testifies as to these particular copies received by her, she did not testify that all the impressions and copies made from the original types or plates from which these copies were made were destroyed; and the evidence showing that these were copies of newspapers published at Hico and Iredell, for ordinary distribution, before secondary evidence of the contents of the papers could be introduced it was necessary to show that all the original copies had been destroyed or could not be procured. Copies from same press

or type are all originals. 2 Wigmore on Evidence, sec. 1234, div. 3; 2 Elliott on Evidence, sec. 1260, 1262.

The court erred in charging the jury in this case that the offer or promise of marriage and acceptance need not be expressed in any formal or particular language; that the contract could be established by facts and circumstances as well as by direct evidence, and that it was not necessary that it should be proven by an express promise to marry; that it was sufficient to establish a contract of marriage if it be shown by a preponderance of the evidence that the parties to the contract had mutually agreed to marry each other; the plaintiff in her petition and her trial amendment having pleaded an express verbal contract of marriage by the defendant, the charge of the court was error because the charge of the court must be confined and limited to the pleadings. Kocher v. Mayberry, 39 S. W. Rep., 604; Loonie v. Frank, 51 Texas, 408; Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 74; Galveston, H. & S. A. Ry. Co. v. Silegman, 23 S. W. Rep., 300; Blashfield on Instructions to Juries, sec. 84.

Action for seduction barred in one year. Rev. Stats., art. 3353.

The seduction must be under the promise of marriage sued upon. Daggett v. Wallace, 13 S. W. Rep., 50; Espy v. Jones, 37 Ala., 379.

Where new promise is relied upon to take case out of limitation statute, plaintiff must recover upon the new promise. Riggs v. Hanrick, 59 Texas, 572; Gathright v. Wheat, 70 Texas, 742; Stoker v. Patton, 35 S. W. Rep., 65.

No recovery permitted in some jurisdictions for seduction even under promise of marriage. 4 Ency. Law, p. 898, note 8.

Contract made in consideration of future illicit intercourse void because immoral, etc. Beach on Contracts, sec. 1553; Parsons on Contracts, p. 66; 4 Ency. Law, 888; Edmonds v. Hughes, 74 S. W. Rep., 284 (Ky. Case).

Where promise is general and no time fixed, the plaintiff must show that she offered to marry defendant. 4 Ency. Law, 891, and cases cited; Weaver v. Bachert, 44 Am. Dec., 162.

In a suit for damages for breach of promise, where the statute of limitation has been interposed, it is error upon the part of the court to admit in evidence testimony of engagements made longer than one year before and prior to a date within one year before the filing of plaintiff's petition, and to testify to a seduction and acts of sexual intercourse between the plaintiff and the defendant, which occurred more than one year before the filing of the plaintiff's suit. Espy v. Jones, 37 Ala., 379; Burks v. Shain, 5 Am. Dec., 618.

The court erred in overruling the defendant's amended motion for a new trial, and should have granted same because of the misconduct of the jury while considering this case; the evidence of the juror, H. M. Lester, heard upon the presentation of the motion for a new trial, shows that after the jury had received the charge of the court and retired to consider their verdict, they discussed and it was suggested by some of the jurors that a certain child which had been with the plaintiff in the court room during the trial of the case resembled the defendant, and that the attorneys should have introduced the child as it looked like the defendant.

*Word & Pedigo* and *Dillard & Word,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee sued appellant for damages, both actual and exemplary, for breach of promise of marriage, and recovered judgment for $1,500 actual damages, from which this appeal is prosecuted. The suit was instituted August 2, 1905, and the contract declared on was thus stated in the amended petition, on which the case was tried: "That on or about June 21, 1901, at the instance and request of the defendant, it was mutually promised, contracted and agreed by and between the plaintiff and the defendant that they would intermarry with each other, the date for said marriage not then and there being definitely fixed and agreed upon by them, but that thereafter at divers dates and times, not now remembered by plaintiff, each date and time being then and there within less than twelve months of the one next and immediately preceding it, the said marriage contract was constantly renewed by and between the plaintiff and the defendant until on or about the 9th day of February, 1904, at which time it was mutually agreed, promised, contracted and understood, by and between the plaintiff and defendant that they would conclude their said marriage at the earliest practicable date after the birth of plaintiff's child, to wit: two months thereafter, which was then and there understood by and between the plaintiff and the defendant would be born to plaintiff on or about July 3, 1904, and which was born to plaintiff on July 3, 1904." Breach of the contract and the resultant loss were then alleged, followed by a charge of seduction and other circumstances of aggravation.

Appellant denied that he had ever promised to marry appellee, but alleged that if he had he was justified in breaking the promise because of her unchastity which was unknown to him at the date of the alleged promise; and further that the alleged contract was not enforcible because it was founded on an immoral consideration. The statute of limitation of one year was also pleaded in bar of the action.

As to whether appellant had ever promised to marry appellee the evidence was conflicting, but her testimony, if believed by the jury, warranted a finding in her favor on that issue. We would not be warranted in disturbing this finding, since the issue was one of credibility of witnesses, whose appearance and demeanor on the witness stand—prime tests of credibility,—the law withholds from us. It would therefore seem presumptuous of us in such case to substitute our judgment for that of the trial court, before whom the witnesses were examined. As to the unchastity of appellee prior to her relations with appellant the evidence was also conflicting. As to the issue of limitation, the testimony of appellee warranted a finding that the promise of marriage had been renewed from time to time, as alleged, up to within less than one year before the institution of this suit, when, admittedly, appellant refused to marry her, denying that he had ever been engaged to her. The illicit intercourse between them was admittd by both, but the testimony of appellee tended to prove that this was due to the promise of marriage, though there was cogent evidence to the contrary, some of it impeaching her chastity then and prior to her relations with appellant.

We are therefore constrained to hold that the court did not err, as first assigned in the brief, in overruling the motion for a new trial.

Nor did the court err in refusing the first application for continuance, as next assigned, since it was addressed to the discretion of the court and the diligence shown was not such as to require a contrary ruling.

Nor did the court err in refusing a new trial on account of newly discovered evidence, as next assigned, since it (the testimony of Mrs. Appleby) was but cumulative and corroborative of the testimony of Fred Myers, who claimed to have had illicit intercourse with appellee prior to her relations with appellant.

Nor did the court err in excluding the testimony of N. H. Allen as set forth in fourth and fifth assignments in the brief, or of Dr. Kimmins, as set forth in the sixth, since the evidence was hearsay and not within any of the exceptions to the rule excluding such testimony.

Nor did the court err to the prejudice of appellant in excluding the testimony of appellant, as set forth in the seventh assignment, as to his motives in assisting appellee to obtain admittance to the Rescue Home at Dallas, Texas, since the issue of exemplary damage was eliminated by the verdict.

Nor did the court err as set forth in the eighth and ninth assignments, in admitting in evidence the newspapers sent to appellee while at the Rescue Home at Dallas from Iredell, and leaving it to the jury to determine whether appellant had sent them. The circumstances tended to prove that appellant had mailed and sent these papers, which issue was properly submitted to the jury, and was not one exclusively for the court. It has been held in this State that even the execution of a deed may be proved by circumstantial evidence.

The numerous assignments complaining of the court's charge and of the court's refusal to give numerous special charges have all been carefully considered in consultation, but we fail to find any ground in these assignments for reversing the judgment and they are all overruled.

The court did not err in admitting the testimony of appellee as to what occurred between her and appellant more than a year before the filing of the suit, as complained in the thirty-first assignment, since she was entitled to make out her case as she had alleged it. Limitation was pleaded as a bar to the action and as such was submitted to the jury in the charge, and this was all that appellant was entitled to.

The love letters sent appellee by appellant were clearly admissible, which overrules the thirty-second assignment.

The exceptions to the petition were properly overruled; at least no harm could have resulted from these rulings.

There is clearly nothing in the alleged misconduct of the jury complained of in the thirty-fifth assignment.

These conclusions lead to an affirmance of the judgment.

*Affirmed.*

Writ of error refused.