## CITY OF FT. WORTH v. LOPP.

(Court of Civil Appeals of Texas.　Jan. 28, 1911.)

1. MUNICIPAL CORPORATIONS (§ 818*)—STREETS —OBSTRUCTIONS—INJURIES TO TRAVELERS— EVIDENCE.

In an action for injuries to a traveler by his horse falling over a water pipe projecting five inches above the surface of a street, evidence that at the time of the accident witness was street commissioner, that he had put in the gutter at the point in question, and had notified the city plumber to cover the water pipe, and evidence of a member of the city council that he had found the water cap above grade and had notified the commissioner to cut it down, was admissible not only to show the condition of the obstruction, but also that the city had notice thereof.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1726–1738; Dec. Dig. § 818.*]

2. TRIAL (§ 62*)—RECEPTION OF EVIDENCE— REBUTTAL.

Where defendant on cross-examining one of plaintiff's witnesses indirectly imputed to L. an effort to bribe another witness to state facts favorable to plaintiff's case, plaintiff was entitled to show by his father and mother and by his attorneys that neither of them had at any time offered anything to any witness to testify in the case.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 62.*]

3. NEW TRIAL (§ 44*)—GROUNDS—MISCONDUCT OF JURY.

Rev. St. 1895, art. 1371, as amended by Gen. Laws 1905, c. 18, provides that a new trial in the discretion of the trial court may be granted for misconduct of the jury, where the misconduct proved or testimony received or communication made is material. In an action for injuries to a traveler by a water cap permitted to extend above the grade of a highway, a new trial was applied for by the city for misconduct of the jury in discussing plaintiff's inability to pay costs in case a verdict was rendered against him, and because the foreman of the jury after deliberation had begun measured the height of the water cap and took measurements before the jury. Only a single juryman testified to the fact, and he declared that he told the jury that the payment of costs "would cut no figure in the case," and there was no testimony that any juror gave any serious consideration to the suggestion. The measurements taken were in defendant's favor indicating that the cap was substantially in line with the surface of the street. The trial court also went before the jury and expressly instructed them not to consider any extraneous matter and no juror testified that he was influenced. *Held* insufficient to require a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 80–85; Dec. Dig. § 44.*]

4. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—WEIGHT.

Where alleged newly discovered evidence was of doubtful weight and conflicted with that of other credible witnesses who were in a position where they could not have been mistaken, it was insufficient to require a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

5. NEW TRIAL (§ 102*) — GROUNDS — NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where diligence exercised by attorneys for a city to discover evidence before trial which was subsequently found and urged as a ground for a new trial had been begun and prosecuted but a short time before the trial, which was some six years after the accident, and there was no legal showing as to what effort, if any, former city attorneys and other city officers had made to secure the testimony, the diligence was insufficient.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by Phillip Lopp, by next friend, against the City of Ft. Worth. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Slay and A. B. Curtis, for appellant. Capps, Cantey, Hanger & Short and Ben M. Terrell, for appellee.

CONNER, C. J. The city appeals from an adverse judgment in a suit instituted in be-

half of Phillip Lopp, a minor, for personal injuries. The trial resulted in a judgment in his favor for $750.

It was alleged and shown that Phillip Lopp on or about the 1st day of February, 1903, was attempting to drive one of his father's cows along Florence street in the city of Ft. Worth, and that while going in a "jog of a trot," at the intersection of Florence street with West Belknap street, his horse stumbled and fell over a water cap situated in the main traveled way which extended above the surface for several inches, and thereby was severely injured. The testimony of a number of witnesses was objected to for various reasons, but we think all such testimony was plainly relevant and admissible. For instance, one William Lahey testified that on the 1st day of February, 1903, he was street commissioner, and as such put in the gutter at the intersection of the north line on Belknap and Florence streets; that the water pipe in question was left above the surface about five inches, and that he notified the city plumber that it was dangerous and to cover it. The witness Thompson testified that prior to the construction of the gutter under the direction of Lahey the water pipes extended above the surface some five inches, and the witness Waggoman testified that he was a member of the city council of Ft. Worth in February, 1903, and chairman of the street and alley commission; that he ordered the workmen to put in the gutter and found that the water cap extended above the grade, and that he notified Lahey to cut it down and put the cap in on a grade with the gutter. Negligence in the construction and maintenance of the gutter in such condition was alleged, and we think the evidence referred to was relevant, not only to those issues, but also upon the issue of notice to the city of the dangerous condition of the pipe, it otherwise appearing that the water cap remained in the condition indicated by the above testimony until after the alleged injuries.

Error is further assigned to the action of the court in permitting A. B. Lopp and Mrs. Fannie Lopp, the father and mother of plaintiff, and Ben M. Terrell and W. A. Hanger, attorneys for the plaintiff, to testify over objection that neither of them since the filing of the suit or at any time had offered any one anything to testify in the case. The record, however, indicates quite plainly we think that one of appellant's counsel on cross-examination of one of the appellee's witnesses at least indirectly imputed to the witness Lahey an effort to bribe another witness to state facts favorable to appellee's case, and the testimony above indicated was clearly in answer to this imputation and properly receivable.

The remaining questions arise under the assignments of error to the court's action in overruling the motion for a new trial. On the hearing appellant sought to show miscon-duct of the jury in discussing the plaintiff's inability to pay costs in event a verdict was rendered against him, and because the foreman of the jury after deliberation had begun measured the height of the water cap and took such measurements before the jury. Rev. St. 1895, art. 1371, as amended by an act approved February 24, 1905 (Gen. Laws 1905, p. 21), provides that a new trial may in the discretion of the trial court be granted where the misconduct proven, or testimony received or communication made is material, but we find nothing in the occurrences above mentioned which requires us to disturb the discretion exercised in the present instance by the trial court. There was but a single juryman testifying to the fact. He declares that he told the jury that the payment of costs "would cut no figure in the case," and there is not testimony in the record to the effect that any juror gave any serious consideration to the suggestion about costs. The act of the juror in exhibiting the measurements mentioned, if it had any influence whatever, was in appellant's favor. It was shown that throughout the trial the juror was favorable to appellant; that the measurement was taken long after the accident in question, and was in entire harmony with the contention of appellant to the effect that the cap was substantially in line with the surface of the street, and not extending above as alleged in plaintiff's petition and shown by his testimony. Moreover, the record shows that the trial court went before the jury and expressly instructed them not to consider any extraneous matter, and no juryman testified that he was influenced. We regard the whole as entirely insufficient as cause for a new trial, at least as reason why we should disturb the view taken by the trial court. See Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889.

It was further insisted that a new trial should have been granted because of newly discovered evidence. Appellant attached to his motion affidavits by Addison Pettitt and Mrs. Lewis, his mother, to the effect that Addison Pettitt was assisting Phillip Lopp in driving the cow at the time of his injury and that the horse did not stumble on anything, but slipped and fell on his right side after having been jerked by Phillip. These affidavits were in distinct conflict with the testimony of B. K. Mynatt, who testified upon the trial, and with an affidavit presented by appellee on the hearing of the motion by E. C. McCaskell which tended to render the statements of Addison Pettitt and his mother of doubtful weight at least. Mrs. Lewis while stating that she saw the accident fails to state her exact position in relation to the water cap so as to render certain that she could not be mistaken, and at the time of the accident, as appears, Addison Pettitt could not have been more than 9 or 10 years old. On the other hand, the conflicting testi-

mony was from mature men shown to be credible persons and in position where they could not have been mistaken in their rendition of the occurrence. Moreover, we think the diligence shown to procure this testimony insufficient. True, the city attorney, W. H. Slay, and his assistant, A. B. Curtis, who tried the case, manifested commendable diligence in the effort to ascertain the names of persons who witnessed the occurrence, but this diligence began and was prosecuted a short time before the trial only, some six years after the accident, and there was no legal showing of what effort, if any, former city attorneys, of which there were at least two, and other city officers had made to secure testimony. The diligence required was that of appellant and not that alone of the counsel who tried the case in its behalf. On the whole we see no reason for overruling the discretion of the trial judge. See Ables v. Donley, 8 Tex. 331, 332; G., C. & S. F. Ry. Co. v. Blanchard, 96 Tex. 616, 75 S. W. 6.

Judgment affirmed.