### JONES v. WICHITA VALLEY RY. CO.
#### (No. 703.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1917.)

1. NEW TRIAL ⚖️104(3)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.

In action for injuries from derailment of train, newly discovered evidence for which new trial was sought *held* to be merely cumulative, and motion was properly denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 220.]

2. NEW TRIAL ⚖️108(2)—NEWLY DISCOVERED EVIDENCE—PROBABLE EFFECT.

In action for injuries from derailment of train, newly discovered evidence for which new trial was sought *held* to show no probability that a new trial would change the result, and motion was properly denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 227.]

3. NEW TRIAL ⚖️143(2) — MISCONDUCT OF JURY—PROOF—JUROR'S AFFIDAVIT.

Misconduct of jury as ground for new trial could not be proved by juror's affidavit in view of Rev. St. art. 2021, requiring testimony of jurors to be taken in open court.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 292, 293.]

4. NEW TRIAL ⚖️44(3)—MISCONDUCT OF JURY—COMMENT ON WITNESS—ABUSE OF DISCRETION.

Refusal of motion for new trial on ground of juror's comment while considering verdict on character of a witness *held* not an abuse of discretion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 82–84.]

5. APPEAL AND ERROR ⚖️843(2)—REVIEW—MISCONDUCT OF JURY.

Where party seeking new trial on ground of jury's misconduct assigns as error court's failure to hear evidence thereof, the assignment will not be considered when court states none was offered

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3331.]

6. APPEAL AND ERROR ⚖️215(1) — INSTRUCTIONS—NECESSITY OF OBJECTION AT TRIAL.

Where no objection was made to giving of a special charge or exception taken as required by Acts 33d Leg. c. 59, assignment of error relating thereto will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309, 1310; Trial, Cent. Dig. § 683.]

Appeal from District Court, Taylor County; W. P. Mahaffey, Special Judge.

Action by Felix R. Jones against the Wichita Valley Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Cunningham & Oliver and Ben L. Cox, all of Abilene, for appellant. Kirby & King, of Abilene, and Thompson, Barwise & Wharton, of Ft. Worth, for appellee.

HIGGINS, J. Appellant, Jones, was a passenger upon a train of appellee going from Abilene to Anson. The train was derailed at about 7 a. m., December 14, 1915, and in consequence thereof appellee was injured, on account of which he brought this action for damages.

It was alleged that defendant was negligent in permitting the ties in the track to become rotten and soft, causing the spikes holding the rails in place to give, thereby permitting the rails to spread and derail the train; that defendant was further negligent in this:

"That on two and more occasions a short while prior to the derailment aforesaid, trespassers had removed some of the spikes from the cross-ties in a section of defendant's road near where the injury occurred. That this had been called to the attention of the defendant and its employés, and they were put upon notice of the additional dangers in operating trains upon said road by reason of the meddlesome acts of trespassers, and plaintiff says that if it is a fact, which he does not admit but expressly denies, that some of the spikes had been removed by trespassers at the place where the injury occurred, then plaintiff says that the defendant was negligent in not properly inspecting its roadbed and track before operating its train upon which plaintiff was riding at the time of the accident. Plaintiff says that the last train that passed over said track was about 9 o'clock at night on the day before the injury. That about nine hours had passed, all of which was in the nighttime, before defendant ran its said train over the track at the time of the accident. That during said time there was no inspection of its said track by the defendant. That it became and was the duty of the defendant, which had knowledge of the meddlesome acts of trespassers theretofore on that section of the track, and knowing the liability of the recurrence of said meddlesome acts of said trespassers, to inspect said road before operating its train over the same."

Defendant pleaded:

"That the wreck of defendant's train alleged by plaintiff was the result of and was caused by wrongful acts of wrongdoers and trespassers, in no way connected with nor employed by defendant, and for which defendant was in no way responsible, in removing from the cross-ties of the track of defendant, at the place where said wreck occurred, the spikes which secured and fastened the rail to the cross-ties, and in

removing from the joints of the rail of defendant's track the angle bars and bolts which held said rails in line, and in leaving said rail, from which said spikes, angle bars, and bolts had been removed, without any fastening to hold same in place, by reason of which said rail was thrown from its place and a part of defendant's train was thrown from the rails and onto the cross-ties of said track.

"That said wrongful acts were done in the nighttime without the knowledge of defendant, between the time defendant's said train from Wichita Falls to Abilene passed safely over said track about 9:30 o'clock on the night of December 13, 1915, and the time when said train reached said place, which said wreck occurred about 6:45 o'clock a. m. on the morning of December 14, 1915, when defendant's said train was on its return trip from Abilene to Wichita Falls, and said wrongful acts were not discovered by defendant's employés and were unknown to defendant, although defendant exercised due and proper care to discover any defect in its said track."

Verdict was returned and judgment in favor of the defendant.

[1, 2] One of the grounds of the motion for new trial was based upon the newly discovered evidence of witnesses Beeman and Clark, whose affidavits were attached to the motion. The substance of Beeman's affidavit was:

That on the morning of December 13th, at about 9 or 10 o'clock, he passed along appellee's track at the point of derailment and "noticed one tap or nut off of one bolt that goes through the pieces that fasten the rails together on the west rail and on the inside of the track. About 8 or 10 rail lengths further north I saw another coupling of the rails where one bolt was entirely out and gone. These nuts and bolts mentioned were on the west rail as one goes north. I also noticed a number of rotten ties, and some of the spikes were partially projecting above the ties. A few days after that, I was over there and saw them cleaning up the track where the wreck was and know that where the wreck occurred is the portion of the track I have described above."

The substance of Clark's affidavit was:

That he passed along the track of appellee at point of derailment on afternoon of December 13th, and "noticed several spikes partially out of the ties. Some of them were one inch above the ties, and others were as much as two inches, and he also noticed that two nuts were off of two bolts that go through the iron pieces that fasten the rails together at the ends, and which he thinks are called angle bars or fish plates, were off of the bolts and lying on the road track just under the bolts. This was somewhere between 3 and 4 o'clock in the afternoon of December 13, 1915. That the north end of said rail on the west side of the track at the place where said nuts were off of the bolts was 1½ or 2 inches higher than the south end of the rail adjoining it. That he noticed several rotten ties in the roadbed. That on the next morning, which was December 14, 1915, affiant went to his place in North Park and saw the train off the track on said roadbed, and he further states the nuts were off the bolts that run through the angle bars heretofore testified about at or near the north end of the last coach that was off the track as near as he could tell by a general observation; that he is quite certain that at least a portion of the wrecked train was over the track above described."

It is assigned that the court erred in refusing a new trial on account of this newly discovered evidence. The testimony of the two witnesses would have tended to establish the allegations of negligence in plaintiff's petition in two particulars, viz.:

First. That there were rotten ties in the track causing the spikes to give and permitting the rails to spread. We find that plaintiff's witnesses Heard and Harris on direct examination testified that they were at the point of derailment shortly thereafter and found rotten ties in the track. Therefore this phase of the testimony of Beeman and Clark was simply cumulative of evidence offered by plaintiff upon the trial in support of the first ground of negligence alleged.

Second. The affidavits tended to show that nuts and bolts joining the rails together had been removed by some one and had been so removed as early as 9 or 10 o'clock on the morning of December 13th. This evidence was therefore material upon the issue of negligence upon defendant's part in failing to inspect and discover that the track had been so tampered with. It may be further conceded that in this particular it was not cumulative. But there was an abundance of evidence introduced upon the trial from which it is quite apparent that the derailment was caused by wrongdoers and trespassers, who— in the time intervening between the derailment at 7 a.m., and the passage of the same train over the same point on the preceding night at about 9:30—maliciously removed all the spikes from one rail and the fish plates connecting such rail at either end to the other rails, thus leaving the same wholly unsecured; and that they also removed many of the spikes from the rails beyond and adjacent to the one left entirely unsecured. The evidence upon this phase of the case is quite overwhelming. It could hardly be contended that appellee was guilty of negligence in failing, during the night to discover the act of these wrongdoers prior to the passage over the spot of the train in question. Therefore it is not probable that upon new trial the newly discovered evidence would change the result. In such a case, it is not error to overrule a motion for new trial based upon ground of newly discovered evidence. Railway Co. v. Scarborough, 101 Tex. 439, 108 S. W. 804.

Another ground of the motion for new trial is based upon alleged misconduct of the jury as shown by the affidavit of the juror Nesbitt, attached to the motion. This affidavit was to the effect:

"That while considering of their verdict, he, Nesbitt, stated to the jury that defendant's attorneys in their argument seemed to intimate that the plaintiff, Jones, wrecked the train and hurt himself. That one of the other jurors spoke up and said, 'You do not think Jones is too good to do that, do you?' To which affiant replied that 'we (meaning the jury) were not allowed to discuss his character.'"

Indorsed upon the affidavit was the signed statement of another juror that he had read the same and found it correct.

[3] The language of article 2021, R. S., pre-

cludes the idea that such a matter as this can be established by the ex parte affidavits of the jurors. Railway Co. v. Kelley, 142 S. W. 1005; Fox v. Railway Co., 186 S. W. 852; Railway Co. v. Tucker, 183 S. W. 1188.

[4] Furthermore, if the alleged misconduct had been properly established, the granting of a new trial on account thereof was within the discretion of the trial court, and in this case we are of opinion that the court's action in refusing the motion would not be an abuse of such discretion. Insurance Co. v. Railway Co., 173 S. W. 487; City of Ft. Worth v. Lopp, 134 S. W. 824; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889.

[5] The fifth assignment complains of the refusal of the court to hear testimony in support of the alleged misconduct of the jury. The court's qualification to the bill of exception supporting this assignment shows that no testimony was offered and that the motion was passed upon as filed and presented. It may be conceded that the statute makes it mandatory for the court to hear evidence on a motion for new trial based on the ground of misconduct of the jury. But certainly the court will not undertake to compel a party to offer evidence in support of his motion. No evidence having been offered by appellant, the court's failure to hear any is chargeable to him. The assignment is without merit.

[6] The next assignment complains of the giving of a special charge requested by defendant. No objection thereto was presented or exception taken as required by Acts of 1913, c. 59, for which reason the assignment is overruled. Railway Co. v. Dickey (Sup.) 187 S. W. 184.

Affirmed.