**PETERS v. WILLIAMS et ux. (No. 180.)**

(Court of Civil Appeals of Texas. Waco. March 26, 1925. Rehearing Denied April 23, 1925.)

**1. Appeal and error ⟾1068(2)—Charge as to negligence not applied to any issue not error.**

In action to recover for collision on highway, charge under Vernon's Ann. Pen. Code Supp. 1922, art. 820k, that passing one of two vehicles while they were passing each other in opposite directions was negligence not applied to any issue in case, *held* not error, where judgment was predicated on findings of jury on other issues.

**2. Appeal and error ⟾981—Determination of motion on ground of newly discovered evidence will not be reversed except for abuse of discretion.**

Determination of motion for new trial on ground of newly discovered evidence will be reversed on appeal only when it is shown that sound discretion of trial court has been abused.

**3. New trial ⟾99—Requisites for new trial on ground of newly discovered evidence enumerated.**

Newly discovered evidence as grounds for new trial must be shown to have been discovered after trial, not to have been discoverable prior thereto by reasonable diligence, not merely cumulative, and sufficiently material to probably change result.

**4. Appeal and error ⟾1015(5)—Issue whether failure to secure witness at trial was due to lack of diligence held raised by evidence.**

Where automobile collision occurred when both cars attempted to pass hay wagon, evidence *held* to raise issue as to whether failure to secure attendance at trial of witness who had been riding on hay load was due to lack of diligence.

**5. New trial ⟾99—Refusal of new trial requested on grounds of newly discovered evidence not abuse of discretion.**

In automobile collision case, refusal of new trial requested on grounds of newly discovered evidence of a witness, who might have been discovered by exercise of reasonable diligence, and whose testimony was merely corroborative of defendant's and his passenger's, *held* not abuse of discretion.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by R. T. Williams and wife against W. R. Peters. Judgment for plaintiffs, and defendant appeals. Affirmed.

N. J. Llewellyn, of Marlin, for appellant. Frank Oltorf, of Marlin, for appellees.

GALLAGHER, C. J. Appellees, R. T. Williams and wife, sued appellant, W. R. Peters, for damages on account of injuries alleged to have been suffered by them in their persons and in their property as the result of a collision between their car and appellant's car, and recovered judgment for $403. The accident occurred on a public road in Falls county. Appellees were traveling westward out of Marlin in a Ford touring car driven by their son, a young man about 24 years of age. They met a wagon loaded with hay coming eastward toward Marlin. This wagon was traveling on the south or right-hand side of the road as to the driver thereof, as required by law. Appellees were traveling on the north or right-hand side of the road as to them, as required by law. Appellant was traveling eastward toward Marlin in his car. He, together with his granddaughter and her cousin, were all sitting on the front seat. He attempted to pass the hay wagon from behind by going between the same and appellees' car. All three of the vehicles seem to have been at about the same point in the road at the time the two cars collided. The case was submitted to a jury on special issues, and the judgment appealed from is based on and conforms to the verdict of the jury in response to such issues.

[1] Appellant complains of a paragraph of the charge of the court reading as follows:

"It is provided by statute that two vehicles which are passing each other in opposite directions shall have the right of way, and no vehicle to the rear of either of such two vehicles shall pass or attempt to pass such two vehicles. Failure to conform to said rule would be negligence on the party so failing, and whether or not such negligence proximately caused an injury would be for the determination of the jury under the evidence in the particular case."

Appellant contends that there was evidence tending to show that all three of the vehicles could have passed at the point of the accident without collision or injury, and that in such cases an attempt to pass one vehicle from behind at the same time another vehicle is attempting to pass the same from the front is not negligence as a matter of law, but that whether such attempt is negligence is a question of fact to be determined by the jury. The statute on the question is as follows:

"Two vehicles which are passing each other in opposite directions, shall have the right of way and no other vehicle to the rear of either of such two vehicles shall pass or attempt to pass such two vehicles." Complete Texas Statutes 1920, Penal Code, art. 820k (Vernons' Ann. Pen. Code Supp. 1922, art. 820k).

Unquestionably, the purpose of the statute was to reduce the danger of collision between vehicles in passing each other on a public road or highway. The application of the act is not made to depend in any way upon the width of the road where such passage is attempted in violation of its provision. It is well established that the viola-

---

tion of the express provisions of a statute is, as to any injury proximately resulting therefrom, negligence as a matter of law. H. & T. C. Ry. Co. v. Wilson, 60 Tex. 142; S. A. & A. P. Ry. Co. v. Bowles, 88 Tex. 635, 639, 32 S. W. 880. The charge complained of properly declared that whether such negligence was the proximate cause of the injury was an issue for the determination of the jury. Hines v. Foreman (Tex. Com. App.) 243 S. W. 479, 483. The charge complained of was an abstract declaration of the law. The law so declared was not applied to any issue in the case. No issue with reference to whether appellant attempted to pass the wagon from its rear while appellees' car was passing or attempting to pass the same from the front, nor with reference to whether such attempt was the proximate cause of the collision and resulting injury, was submitted. The judgment rendered in this case is predicated on findings of the jury on other issues. Appellant's complaint of said paragraph of the court's charge is overruled. T. & P. Ry. Co. v. Wright, 62 Tex. 515, 517.

The court overruled appellant's motion for a new trial. One of the grounds of such motion was newly discovered evidence. There was practically no dispute as to the fact that all three vehicles were approximately parallel with each other across the road at the time of the accident. Appellant introduced testimony tending to show that he thought when he approached said wagon that he had time to pass the same and return to the right-hand side of the road before appellees' car could reach the wagon; that appellees' car was coming too fast to permit him to do so; that there was ample room in the road for both cars to pass each other and the wagon at the same time; that the cars collided because the driver of appellees' car unnecessarily turned the same into his car, striking the same about the front wheel, rebounding and tumbling over into a ditch at the side of the road. Appellees introduced testimony tending to rebut all of these contentions.

The jury, in response to the issues submitted, made findings in substance as follows: (a) That appellant Peters was not at the time of the collision driving his car in a careful manner, with due regard for the safety of appellees' car, and that such failure was a proximate cause of the collision; (b) that appellant was negligent in attempting to pass the hay wagon and to get back to the right-hand side of the road ahead of it before appellees' car reached the point of passing the wagon, and that such negligence was a proximate cause of the collision; (c) that appellant did not reduce the speed of his car to 15 miles an hour on attempting to pass the wagon, and that such failure was a proximate cause of the collision; (d) that appellees' car was not at the time of the collision running in excess of 15 miles an hour;

and (e) that appellees did not turn their car into appellant's car at the point of collision.

Joe Harrison, the newly discovered witness, was a negro riding with another negro on the top of the hay wagon. He was examined as a witness on the hearing of the motion for a new trial. He got off the wagon immediately after the accident, cut off appellees' motor, raised the top of their car, and assisted the occupants out of the same. He remained there and talked a few minutes, giving appellees his name when requested to do so, and then left on the hay wagon. He resided in that neighborhood and was there from the time of the accident which occurred in July, until the trial in February, 1924. The suit was filed in September, 1923. He was in attendance on the court at the time of the trial under a subpœna for appellees, but was not used.

Appellant's testimony with reference to his diligence to discover the identity of the witness and secure his testimony at the trial is rather indefinite and more or less contradictory. He testified that he knew the witness Harrison when he saw him but was not acquainted with him. He further testified that one Tomlinson, a relative and a witness in his behalf, told him after the trial who this witness was. He testified that a claim for damages on account of this collision was presented to him within a few days after the same occurred, and that on the same day he inquired of the sheriff of the county with reference to this witness, and that that was the first inquiry he had made. He also testified that the evening after the accident happened he talked with said Tomlinson about it. He did not tell what was said by Tomlinson on that occasion. Whether this conversation referred to the accident or to the identity of the negroes on the hay wagon is not clear. If it did refer to the identity of said negroes, appellant's testimony on this point was contradictory of his testimony that the sheriff was the first one of whom he made such inquiry. Tomlinson had passed the wagon ahead of appellees' car just a short time before the accident. He returned to the scene a short time after it occurred, but it is probable that the negroes with the wagon had already left when he returned. He lived but a short distance from the place where the accident occurred. The witness Harrison testified that he was raised near Tomlinson and had known him for some time. Except as above referred to, appellant's testimony does not disclose of whom he made the other inquiries testified to by him. He also testified that he made no effort to find out who was having the hay hauled and did not ask the names of any of the parties while at the scene of the accident. It does not affirmatively appear that Tomlinson could not have told him who the negro was and where to find him prior to the trial. It reasonably ap-

pears that Tomlinson could have easily located the witness if appellant had asked him to do so. With reference to the facts on the issues submitted to the jury, the witness Harrison testified, in substance, that he saw appellees' car coming in the distance, and that it looked to him like it was coming at the rate of 20 or 25 miles per hour. He did not testify to the speed of said car at or immediately before the time of the collision. He also testified that he saw appellant's car coming in the distance, and he thought it was going 15 or 20 miles an hour, but he did not testify to its speed at or immediately before the collision. He further testified that appellees' car was wabbling, that it seemed to be skidding in the gravel, and that just at the time of the accident the hind wheels thereof swerved toward the ditch at the side of the road, and the front part of the car struck appellant's car about the front wheel; that in his opinion there was room between the wagon and the ditch for both cars to pass each other without colliding. Substantially the same facts were shown, not only by appellant's testimony, but by the testimony of his granddaughter, and in part, with reference to the width of the road and the sufficiency of the space between the wagon and the ditch to permit the passage of both cars without collision, by the testimony of his witnesses Tomlinson and Fountain. The testimony of the newly discovered witness was therefore cumulative. It does not appear that appellant made any effort to obtain the testimony of the other girl riding in his car at the time of the accident, nor of the other negro on the hay wagon.

[2, 3] The granting of a motion for a new trial on the ground of newly discovered evidence is within the sound discretion of the trial court. He, having heard the testimony and being familiar with all the details of the trial, is best fitted to determine the issues arising on such a motion. Ordinarily, his action thereon will be revised on appeal only when it is shown that such discretion has been abused. St. L. S. W. Ry. Co. v. Turner (Tex. Civ. App.) 225 S. W. 383, 388; Feagins v. Texas Machinery & Supply Co. (Tex. Civ. App.) 185 S. W. 961, 964, 965. To justify the granting of a new trial on the ground of newly discovered evidence, it must be made to appear that same was discovered after the trial, that it could not have been discovered prior thereto by the exercise of any reasonable diligence, that it is not merely cumulative ,and that it is sufficiently material to render it probable that a different finding or judgment on another trial would result from the use of the same. G., C. & S. F. Ry. Co. v. Blanchard, 96 Tex. 616, 617, 618, 75 S. W. 6; Vardeman v. Edwards, 21 Tex. 737, 741, 742; H. & T. C. Ry. Co. v. Devainy, 63 Tex. 172, 174; Moores v. Wills, 69 Tex. 109, 114, 5 S. W. 675; Walker v. Brown, 66 Tex. 556, 558, 1 S. W. 797; Cain v. Corley, 44 Tex. Civ. App. 224, 99 S. W. 168, 169, writ refused; Allyn & Co. v. Willis & Bro., 65 Tex. 65, 75,

[4, 5] What constitutes such diligence as to make subsequently discovered testimony available as a ground for a new trial depends largely upon the facts of each particular case. We think the evidence above recited raises an issue as to whether appellant, by the exercise of reasonable diligence, could or should have discovered the name of this witness and secured his attendance at the trial. The trial court was further authorized to consider the fact that the evidence was cumulative, and also whether the introduction of the same before the jury would probably produce a different result upon another trial. The trial court heard said motion and overruled it, and we cannot say on the record presented that such action was an abuse of his judicial discretion.

The judgment of the trial court is affirmed.