### WRIGHT et al. v. STONE. (No. 246.)

(Court of Civil Appeals of Texas. Waco. May 28, 1925.)

**1. Appeal and error ⬅➡981—New trial ⬅➡99—Granting of new trials for newly discovered evidence largely within discretion of trial court; ruling not disturbed unless discretion abused.**

Granting of new trials for newly discovered evidence is largely within discretion of trial court, and its ruling will not be disturbed, unless its discretion has been abused.

**2. New trial ⬅➡99—Trial court held not to have abused its discretion in denying new trial for newly discovered evidence.**

Trial court *held* not to have abused its discretion in denying new trial for newly discovered evidence, where amended motion for same was not filed until court adjourned for term, and newly discovered evidence was for first time given as one of reasons for a new trial, and motion was supported only by affidavits attached thereto, and witnesses could have been obtained during trial, and from their affidavits their testimony was very meager, and only cumulative and impeaching in character.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by Roy Stone against John F. Wright and others. Judgment for plaintiff, and defendants appeal. Affirmed.

John Maxwell, of Waco, for appellants.
John F. Sheehy and Barney Garrett, both of Waco, for appellee.

BARCUS, J. This suit was instituted by appellee against appellants, seeking to recover $607.07 claimed by appellee as the balance due him on salary for work he performed for appellants in pumping oil wells in the South Bosque oil fields. Appellants filed general denial, and specially pleaded that appellee had agreed to do the work for the oil that he might obtain from the wells during the time he was pumping same. The cause was submitted to a jury on special issues, and the jury's findings were favorable to appellee. Based on said findings, judgment was entered for appellee against appellants; hence this appeal.

Appellants contend that the verdict of the jury is unsupported by the testimony. We have carefully examined the statement of facts, and, while the testimony is very conflicting, the evidence is sufficient to support the findings of the jury.

[1, 2] Appellants complain of the action of the trial court in overruling their motion for a new trial on the ground of newly discovered evidence. The verdict of the jury in this cause was returned on October 30, 1924. On December 6, 1924, the day court adjourned for the term, appellants filed their amended motion for a new trial, and for the first time gave, as one of the reasons for a new trial, the newly discovered evidence. Appellants did not offer any testimony in support of their motion except the affidavits attached thereto. Mr. Crain, one of the new witnesses, had, at request of appellants, been in attendance upon the court during the trial, and had been in the employ of appellants for a number of months. The other new witness, Mr. Hancock, lived in the com-

munity. From their affidavits, their testimony was very meager, and was only cumulative and impeaching in character. There was no diligence shown as to why said witnesses had not been sooner discovered. The question of granting new trials because of newly discovered evidence is largely within the discretion of the trial court, and, unless it appears that the trial court has abused its discretion, its ruling will not be disturbed. We cannot say the trial court in this case abused its discretion. T. & N. O. Ry. Co. v. Scarbrough, 101 Tex. 436, 108 S. W. 804; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 539, 124 S. W. 85; T. & P. Ry. Co. v. Duff (Tex. Civ. App.) 207 S. W. 580; Jones v. Wichita Valley Ry. Co. (Tex. Civ. App.) 195 S. W. 890; Strachbein v. Gilmer (Tex. Civ. App.) 202 S. W. 333; Qualls v. Fowler (Tex. Civ. App.) 186 S. W. 256; G. C. & S. F. Ry. Co. v. Blanchard, 96 Tex. 616, 75 S. W. 6; Frye v. Wayland (Tex. Civ. App.) 228 S. W. 974; Kennon v. Miller (Tex. Civ. App.) 143 S. W. 986.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.

GALLAGHER, C. J., took no part in the decision of this case.