### 3168.   LEITNER *v.* COOPER.

The evidence supports the verdict, and no sufficient reason appears for granting a new trial.

DECIDED JUNE 7, 1911.

From city court of Sylvania—Judge Boykin.   November 19, 1910.

*White & Lovett,* for plaintiff.   *E. K. Overstreet,* for defendant.

POWELL, J.   Leitner sued Cooper for the price of a dog.   The state of facts appearing in the record is about as follows:   Cooper ran a hotel at Sylvania, and on January 30, 1910, mailed to Leitner, at Egypt, a letter in the following language:   "I understand you have a good bird dog for sale.   I want to buy one.   I have been sick several months, and my physician says I must get in the woods and stay there, so thought I would hunt awhile, as I am an old bird hunter and like the sport.   Please write me what you will take for the dog.   Send him to me by baggage master on Central of Georgia at my expense.   Let me try him a day or two, and if he is all right I will sent you check for him by return mail; if he is not all right I will return him to you in good order.   We have more scraps to throw away around the hotel than 20 dogs can eat."   When Leitner received the letter he had a dog, which he priced at $35, and after a few days (about five days would seem to be about what the time probably was, from certain correspondence appearing in the record) he shipped the dog to Cooper's address by express, over the Brinson Railroad, stating that he did not think it was safe to trust the dog to the baggage master on the Central of Georgia, as he had been directed to do.   Before the dog arrived, Cooper, not hearing from Leitner, decided to go to North Georgia to visit his parents, but in the meantime he left word with the conductor of the Sylvania & Girard Railroad, if the baggage master of the Central brought the dog in, to look after him and to take charge of him.   When the dog came by express, in the absence of Cooper, his wife receipted for the shipment, and, to quote literally from Cooper's

testimony in the record, "she tied the dog up at the hotel, which we ran, and he howled so much that she took him out for a walk for some exercise, and he got away." The wife telephoned about to various places trying to find the dog, and also advertised for him in the official gazette of the county; but the dog was never heard of again, unless a dog of somewhat similar appearance, which was killed some distance away a few days later, was the same dog. Cooper conceded that his wife had authority to sign for express packages, and that he was bound by her act in that respect. The jury found for the defendant.

The plaintiff concedes that he violated the defendant's instructions in sending the dog by express, instead of sending it by the baggage master, but says that inasmuch as the defendant's wife receipted for the dog from the express company, and had authority as his agent to receipt for packages from the express company, the defendant waived this violation of instruction, and became bound, according to the terms of the letter, either to return the dog or to pay its value. We can not concede the correctness of this proposition. The defendant had made arrangements with another agent (his friend, who was a conductor on the Sylvania & Girard Railroad) to take care of the dog if it arrived during his absence. He had not, so far as the record shows, constituted his wife his agent to take care of the dog. He had the right to select his agent for this purpose, and when the plaintiff, by his disregard of instructions, placed the custody of the dog in the hands of the wife, she held it as a mere gratuitous bailee, and the defendant was not bound, under his original contract, either to pay for the dog or to return it, but, if bound at all, was bound only to exercise that degree of care which is imposed by law upon gratuitous bailees. The jury was amply authorized to find that the plaintiff's disregard of the defendant's instructions was so material an element in the case as to relieve the defendant from liability for the loss of the dog, under the circumstances. There is no complaint that the judge did not fairly submit all these issues to the jury. There is an exception in the record as to the refusal of the court to sustain certain special demurrers to a portion of the defendant's plea; but, in view of the shape that the case finally took upon the proof, the points there made are not material or important, and, if decided favorably to the plaintiff, would not justify a reversal.                    *Judgment affirmed.*