CANNON v. PRODUCERS' OIL CO. et al.

(Court of Civil Appeals of Texas. Galveston. June 3, 1911.)

1. ADVERSE POSSESSION (§ 85*) — ADVERSE HOLDING—EVIDENCE.

Proof that a landowner, when she rebuilt a fence inclosing the land in controversy, agreed to surrender such land to plaintiff whenever he demanded it, was not equivalent to a statement that she had not been claiming the land prior to that time adversely; her use and occupancy being sufficient to give notice of her claim to all the land within the inclosure, in the absence of proof that she was aware that any one was claiming any of the land against her until she rebuilt the fence.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 85.*]

2. ADVERSE POSSESSION (§ 85*) — ADVERSE HOLDING—EVIDENCE.

Proof that land in controversy was inclosed with other land in cultivation by M., and that a part of it was cultivated, with evidence of continued occupancy and use of the land by

her, coupled with proof that she claimed all the land in her inclosure, was sufficient to justify a conclusion that her possession was adverse.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 85.*]

3. ADVERSE POSSESSION (§ 109*)—LAND HELD ADVERSELY—VERBAL RELINQUISHMENT.

A mere verbal relinquishment of an occupant's claim to land, made after title had been vested in her by limitation, would not affect her title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 629–635; Dec. Dig. § 109.*]

4. ADVERSE POSSESSION (§ 29*)—ENCROACHMENT.

Where land in controversy had been within defendants' inclosure and had been inclosed, occupied, and used by them for more than 25 years, and their possession was peaceable, open, distinct, and notorious, the encroachment rule applicable in a case of disputed boundary does not apply.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 124, 125; Dec. Dig. § 29.*]

5. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where the only excuse shown for failure to produce newly discovered evidence on the trial was that plaintiff did not know the witnesses would testify to the facts disclosed until after the trial, and until shortly before filing of the motion, and two of the witnesses were surveyors who made surveys of the land in controversy, and had run the disputed boundary line, and the others were old citizens who were acquainted with the parties and the subject-matter, and as to the surveyors that plaintiff did not know the whereabouts of one until after the trial and that the other was sick, but did not show that plaintiff was unable to have sooner learned their whereabouts and ascertained their testimony, the court did not err in denying the motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Trespass to try title by P. H. Cannon against the Producers' Oil Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Greer & Minor, for appellant. D. F. Singleton and Smith, Crawford & Sonfield, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellant against appellee Producers' Oil Company, Mrs. Minerva Merchant, and Ambrose Merchant. The land in controversy is an irregular shaped parcel on the Stephen Jackson league in Hardin county. It is in the Sour Lake oil field, and the appellee oil company has a producing oil well thereon. In addition to the prayer for the recovery of the title and possession of the land, the petition, upon proper allegations, seeks to recover as damages the value of the oil taken from the land by the defendants since September 1, 1908. The defendants disclaimed as to a part of the land sued for and as to the remainder pleaded title under the 10-year stat-

ute of limitation. It is agreed that the title to the land is in appellant unless the appellee Minerva Merchant has title thereto under the 10-year statute of limitation. The trial in the court below was without a jury and resulted in a judgment in favor of defendants for all of the land to which they had not disclaimed title. At the request of appellant, the trial court filed conclusions of fact and law. Upon the issue of limitation the following findings of fact by the trial judge are sustained by the evidence: "I find: That Mrs. Minerva Merchant inclosed the land in controversy as early as the year 1881, and has had it inclosed ever since, and that since 1881 she was in possession of said land, and since said time she has been in peaceable and adverse possession, continuous and uninterrupted possession by an actual inclosure of said land, cultivating, using, and enjoying the same and claiming it as her own, up to the year 1901. That when said land was first inclosed it was inclosed with a rail fence; that some time between May, 1896, and May, 1898, said rail fence was removed, and there was substituted therefor a fence made of posts and wire and slabs or pews, and that the post and wire and slab fence was put back in the same place that had been occupied by the rail fence. That when the north string of Mrs. Merchant's fence was being changed from a rail to a plank and wire fence, as aforesaid (some time between 1896 and 1898), the plaintiff, P. H. Cannon, requested Mrs. Minerva Merchant, after the work had progressed but was as yet incomplete, to move the north string of her fence further south, he claiming that it inclosed some of his land; whereas, the defendant Mrs. Minerva Merchant, who was then a widow, told him that she had moved her east fence at the request of Mrs. Rodgers, and her west fence at the request of Mr. Jordan, and that she was tired of moving her fence and declined at first to do so. A short time afterwards on the same day, the parties met at the place where the work was progressing, and the request was renewed, and thereupon Mrs. Merchant told the plaintiff, Cannon, that whenever he needed the land she would remove the fence as he requested. Mr. Tip Merchant, a son of Mrs. Merchant, who was present, likewise stated, at the same time and place and before the same parties, that the land was not of much value any way, and that the fence could thereafterwards be removed when Mr. Cannon needed the land." Under appropriate assignments of error the appellant assails the judgment of the court below upon the ground that it is against the overwhelming preponderance of the evidence.

[1] The first contention under these assignments is: That the agreement of Mrs. Merchant made in 1896, when she rebuilt

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

her fence, that she would surrender the land in controversy to appellant whenever he demanded it, shows that her former possession had not been adverse, and this evidence of the character of her claim to the land is not overcome by the testimony of witness for appellee to the effect that, prior to the time she made this agreement, she claimed all of the land in her inclosure.

We cannot agree with appellant in this contention. The agreement of Mrs. Merchant to move the fence and surrender the land to appellant whenever he might want it was not the equivalent of a statement by her that she had not been claiming the land prior to that time. Several witnesses for appellee testified that from the time she fenced the property in 1881 she continuously claimed all of the land in her inclosure. Her occupancy and use of the premises was sufficient to give notice of her claim to all of the land, and it is not shown that she was aware that any one was claiming against her any of the land in her inclosure until she rebuilt her fences in 1896. According to appellant's testimony, when he informed her that she was building her fence over her line and inclosing a portion of his land, and requested her to move the fence back, she declined to do so, stating that two of her other neighbors had made her move her fence on other lines of her land and that she was tired of moving it. Subsequently during the same day she came down to where the fence was being built, and, in response to his second request to move the fence, she replied: "Well, we will not move the fence now, as we have already got it started; but we will move it any time you want us."

The small part of land in controversy, which is not more than one-tenth of an acre, was at that time practically worthless, and but for the trouble of having to change the line of her fence, which was then in course of construction, there was little for Mrs. Merchant to contend for. Under these circumstances, her final acquiescence in appellant's claim and her agreement to let him have the land whenever he wanted it might justify the inference that she knew it was not hers and had not claimed to own it, but is clearly not such evidence of the want of adverse claim on her part as would require a holding that her previous possession of the land had not been adverse.

[2] The land in controversy was inclosed with other land in cultivation by Mrs. Merchant, and a part of it was cultivated. This continued occupancy and use of the land by her, coupled with the testimony of witnesses for appellees that she claimed all of the land in her inclosure, is amply sufficient to justify the conclusion that her possession of the land was adverse, and that her agreement made in 1896 to surrender the land to appellant whenever he should demand it was not an admission on her part that she had not been claiming the land during her previous occupancy, and should not be so construed.

[3] It goes without saying that a mere verbal relinquishment of her claim to the land, made after title had vested in her by limitation, would not affect such title.

[4] It is next contended that the possession of Mrs. Merchant was only an encroachment of a few feet over her line and upon the land of appellant, and under the rule announced in Bracken v. Jones, 63 Tex. 184, such possession was not of the open, visible, and distinct character necessary to give title by limitation.

The encroachment rule has no application in this case. The land claimed by appellees and awarded to them by the judgment is within their inclosure and has been inclosed, occupied, and used by them continuously for more than 25 years, and its possession could not have been more visible, open, distinct, and notorious. If appellees, by virtue of their actual possession of the small parcel of appellant's land within their inclosure, were claiming title by limitation to appellant's entire tract of 20 acres, the encroachment rule would apply, and the possession by them of the small portion of the tract within their inclosure would not have been sufficient to have given notice to appellant of their claim to his entire tract, but as to the land within the inclosure appellant was required to take notice of Mrs. Merchant's claim evidenced by her actual possession and use thereof as shown by the undisputed testimony.

[5] Appellant further complains of the ruling of the trial court in refusing to consider his motion for a new trial on the ground of newly discovered evidence filed more than two days after the rendition of the judgment.

Appellant contended in the court below that prior to 1896, when Mrs. Merchant rebuilt her fence, the land in controversy was not within her inclosure. If this is true, no title was acquired by Mrs. Merchant under the 10-year statute of limitation, because that length of time had not elapsed between the rebuilding of the fence and the filing of the suit. The evidence upon this issue was conflicting, but that offered by appellees is sufficient to sustain the finding of the trial court that the land has been inclosed since 1881, and appellant does not contend otherwise.

The judgment was rendered on April 6, 1910, and the motion for new trial was filed April 28, 1910.

The newly discovered evidence was the testimony of four or five witnesses, as shown by affidavits attached to said motion, to facts tending to show that the original fence built by Mrs. Merchant in 1881 did not inclose the land in controversy. The only excuse offered by the appellant for not producing this evidence upon the trial, and for not

sooner filing his motion for a new trial on the ground of such newly discovered evidence, was that he did not know the witnesses would so testify until some time after the trial and shortly before the filing of the motion for a new trial. If the motion had been filed within the time prescribed by the statute, we could not say that the court would have abused its discretion in refusing to grant the new trial, because the showing of diligence on the part of appellant in obtaining the testimony of these witnesses was not such as to require the court to grant him a new trial in order that he might obtain the benefit of such testimony.

Two of these witnesses were surveyors and had made surveys on the Jackson league by which they had run the line between the appellant Cannon's and Mrs. Merchant's tracts. The other three witnesses were old citizens who were acquainted with the parties and the subject-matter of the suit. The affidavit of appellant attached to said motion shows that he knew before the trial that the witnesses Yarborough and Pedigo had made the surveys before mentioned. His only excuse for not sooner obtaining the testimony of Yarborough is that he did not know his whereabouts until after the trial. He says he made inquiries, but of whom, and the extent of which, he does not disclose. Yarborough is now living in Harris county. How long he has been living in that county, or when he left the neighborhood of the land in question, is not shown. The other surveyor, Pedigo, is a resident of Hardin county and has been surveying in that county for more than 30 years. During the trial of the case and for some days thereafter he was sick, and for that reason appellant's attorney, who was informed that he knew the location of Mrs. Merchant's fence prior to 1896, was unable to sooner ascertain what his testimony on that issue would be.

In regard to the other witnesses, appellant's affidavit merely states that he did not sooner know of their whereabouts and does not show that he made any effort to find them, notwithstanding he knew that all of them were in position to know the location of Mrs. Merchant's fence prior to 1896.

This was not a sufficient showing of diligence to discover the evidence before the trial to have required the trial court to grant a new trial on the ground of newly discovered evidence. Traylor v. Townsend, 61 Tex. 148; Hogan v. Railway Co., 88 Tex. 684, 32 S. W. 1035.

If the showing of diligence was not sufficient to require the court to grant appellant a new trial, it necessarily follows that it was not sufficient to require a consideration of the motion filed after the time prescribed by law.

We have not discussed in detail the several assignments of error presented in appellant's brief, but what we have said disposes of all the material questions presented.

All of the assignments have been duly considered, and none of them can be sustained. It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.