## ADCOCK v. SHELL. (No. 1762.)

(Court of Civil Appeals of Texas. El Paso. May 14, 1925. Rehearing Denied June 4, 1925.)

**1. Appeal and error ⟨⟩846(5)—In absence of findings and conclusions by trial court, judgment will not be disturbed if it can be sustained upon any theory of the evidence.**

In absence of findings and conclusions by trial court, judgment will not be disturbed if it can be sustained upon any theory of the evidence.

**2. Trusts ⟨⟩35(1)—Lack of knowledge of or acquiescence in plan by heirs of grantor to invest title in third person in trust for widow held immaterial.**

Lack of knowledge of or acquiescence in plan by some of heirs of deceased owner to invest title by suit in third person, in trust for decedent's widow, *held* immaterial, where the heirs defaulted in such suit, and the agreement was not in fraud of their rights, and they made no offer to discharge incumbrances against the property.

**3. Trusts ⟨⟩17, 18(3)—Express trust estate in land may rest in parol.**

An express trust in land may rest in parol in Texas.

**4. Judgment ⟨⟩956(2)—In action to recover land, plaintiff held entitled to show recovery of title by defendant as plaintiff in former suit was for purpose of holding it in trust for plaintiff.**

In action to recover land, plaintiff *held* entitled to show recovery of title by defendant as plaintiff in former suit was for purpose of holding it in trust for plaintiff, as against contention that judgment was res judicata as to plaintiff, who was one of defendants in such suit.

**5. Trusts ⟨⟩137—Person acquiring title upon resulting trust cannot assert title adverse to beneficiary of trust.**

Person acquiring title upon resulting trust cannot assert title adverse to beneficiary of trust.

**6. Evidence ⟨⟩366(11)—Sheriff's deed, without showing of order of sale upon which deed is based, does not establish title.**

Sheriff's deed, without showing of order of sale upon which deed is based, does not establish title.

**7. Limitation of actions ⟨⟩39(12)—Four years' statute of limitations held not applicable to suit to recover land, based on superior equitable title.**

Four years' statute of limitations *held* not applicable to suit to recover land, based on superior equitable title.

**8. Appeal and error ⟨⟩931(3)—Presumed that, as to question of fact, trial court found in favor of appellee, in absence of findings and conclusions by trial court.**

Presumed that, as to question of fact, trial court found in favor of appellee, in absence of findings and conclusions by trial court.

**9. Judgment ⟨⟩217—Judgment for plaintiff held final, and adverse to defendant upon his cross-actions, by necessary implication.**

Judgment for plaintiff *held* final, and adverse to defendant upon his cross-actions, by necessary implication.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by Mrs. M. E. Shell against W. T. Adcock. Judgment for plaintiff, and defendant appeals. Affirmed.

Ben L. Cox and Thos. E. Hayden, Jr., both of Abilene, for appellant.

Cunningham & Oliver, of Abilene, for appellee.

HIGGINS, J. Mrs. M. E. Shell, appellee, sued appellant, W. T. Adcock, on December 18, 1922, to recover certain premises in the city of Abilene. The case was tried without a jury, and judgment rendered in favor of Mrs. Shell.

Mrs. Shell is the surviving wife of B. F. Shell, who died July 22, 1910. They were married December 18, 1907, and had no children. Mr. Shell, however, left surviving chil-

dren by a former marriage. Appellant and appellee are brother and sister.

On April 18, 1908, Coke Keith conveyed to B. F. Shell the property in controversy, the grantee assuming the payment of two outstanding purchase-money notes against the property, executed by Keith to Morgan Hardie in the sum of $75 each. The property became the homestead of the Shells, and remained so until Mr. Shell's death. Subsequent to his death the appellee has continued to occupy it as her home. On October 14, 1910, Hardie transferred, to Adcock the purchase-money notes mentioned, with formal transfer of the vendor's lien securing their payment.

On September 11, 1915, the state of Texas recovered a judgment against Mrs. Shell for $7.58 taxes due upon the premises, with foreclosure of lien.

By deed dated January 6, 1916, the sheriff conveyed the property to Adcock, such deed reciting a sale of the property under an order of sale issued upon the above tax judgment. The order of sale and sheriff's return thereon were not offered in evidence nor otherwise proven.

To the July term, 1917, of the district court of Taylor county, Adcock sued Mrs. Shell and the children of B. F. Shell, deceased, to recover the title and possession of the premises, the petition declaring upon the superior title vested in Adcock by virtue of his ownership of the purchase-money notes aforesaid, and title acquired under the tax foreclosure proceedings above set forth.

. This suit is numbered 3851; and upon May 23, 1918, judgment was rendered in Adcock's favor for the title and possession of the land.

[1] In the absence of findings and conclusions by the trial court, the judgment will not be disturbed if it can be sustained upon any theory of the evidence.

There is ample evidence to the effect that, after the death of B. F. Shell, the appellee furnished Adcock, out of the proceeds of an insurance policy, money to pay the purchase-money notes against the property under an agreement that Adcock would buy the notes, foreclose upon the property, and acquire the title in trust for Mrs. Shell; that the suit by Adcock in the district court of Taylor county, and the recovery therein had, was in pursuance of this agreement. As to some of the children and heirs at law of B. F. Shell, it is shown they desired such action for Mrs. Shell's protection, and the suit as to them was wholly friendly, and for the purpose of vesting their title in Adcock in trust for Mrs. Shell.

[2] As to some of the other heirs, the record is silent as to their knowledge or acquiescence in the plan to thus invest the title in Adcock, but this is immaterial, because they defaulted in the suit. The agreement and action taken was in fraud of no right of theirs, because their interest in the property was subject to the notes, and in order to protect such interest it was incumbent upon them to pay the notes, and they made no effort so to do.

[3, 4] Upon the facts stated, Adcock acquired the purchase-money notes and superior title to the land in trust for appellee. It is well settled in this state that an express trust estate in land may rest in parol; so it was competent to show that the recovery in cause No. 3851 was in trust for appellee.

It is insisted the judgment in No. 3851 is res judicata against appellee. We fail to see how it could possibly be regarded as such with respect to the interest recovered from the children of B. F. Shell. As to that interest the recovery was in trust for appellee. and the judgment in no wise affects her right to show that such recovery was in trust for her. Nor do we think the judgment bars her right to establish that the recovery of her interest in the land was in trust for her, and upon an agreement to reconvey.

The doctrine of res judicata is grounded in estoppel. It is an estoppel of record. A grantor is generally estopped to deny the title of his grantee in a deed, but this would not preclude him from showing as against the grantee that it was in trust for a lawful purpose and upon an agreement to reconvey. We see no difference in principle between the case of a passing of title by voluntary conveyance and by judgment. If it is permissible for the grantor in a voluntary conveyance to show that the conveyance was in trust and upon an agreement to reconvey, there is no reason why the defendant in a friendly suit should not be permitted to show that the recovery as against him was to be in trust, and the title to be reconveyed to him. The following authorities, we think, support the view that the trust may be shown and is enforceable against appellant. Matthews v. Deason (Tex. Civ. App.) 200 S. W. 855; Hix v. Armstrong, 101 Tex. 271 and 275, 106 S. W. 317; Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536; Bailey v. Harris, 19 Tex. 109; Brown v. Jackson (Tex. Civ. App.) 40 S. W. 162.

[5, 6] With respect to the assertion by appellant that he acquired a superior title to the property by the sheriff's deed under the tax foreclosure, there are two answers to this:

First. The title, if any, thus acquired was adverse to his cestui que trust, and he held it upon a resulting trust in favor of the cestui que trust. He will not be permitted to acquire and assert a title adverse to the beneficiary of his trust. 1 Perry on Trusts (6th Ed.) §§ 129 and 433, 39 Cyc. 298.

Second. The order of sale upon which the sheriff's deed is based was not offered in ev-

idence nor proven otherwise, for which reason title is not shown to have passed by the deed. Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Flenniken v. Foote, 270 S. W. 903, recently decided by this court, and cases there cited.

[7] Other propositions advanced by appellant proceed upon the theory that the present action is to set aside the judgments in the tax suit, and in cause No. 3851, and the suit therefore barred by the four years' statute of limitation. These propositions are based on a false premise. The suit is not to set aside any judgment. No such action is necessary to afford appellee the relief which she seeks. Her action is based upon her superior equitable title, and the four years' statute of limitation has nothing to do with the case. The only limitation statutes applicable are those which bar the right of recovery in actions to recover land. Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75.

[8] It is asserted the uncontroverted evidence shows appellant repaid appellee the money used to acquire the purchase-money notes. The appellee's testimony is to the contrary, and it must be assumed the trial court found in accordance with her version of the matter.

[9] Appellant also contends the judgment in appellee's favor is not final, because it does not expressly dispose of cross-actions set up by him. The judgment by necessary implication is adverse to him upon such cross-actions, and is final. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

All questions presented have been considered.

Finding no error, the judgment is affirmed.