**RAGSDALE v. DORBANDT et al.**

No. 5697.

Court of Civil Appeals of Texas. Texarkana.

April 19, 1940.

Rehearing Denied May 2, 1940.

M. M. Guinn, of Rusk, for appellant.

Norman, Stone & Norman, of Rusk, and Smithdeal, Shook & Lefkowitz, of Dallas, for appellees.

HALL, Justice.

Appellees agree that appellant's statement of the case is correct, and we adopt same, which reads:

"The appellant, Charlotte Ragsdale, instituted suit in the District Court of Cherokee County, Texas, against J. C. Dorbandt and Morris Dorbandt alleging that on or about the 26th day of November, 1935, the said J. C. and Morris Dorbandt were practicing attorneys at law and were employed by John E. Ragsdale to write a will and that thereafter on or about the 1st day of June 1936, said Dorbandts were employed by John E. Ragsdale and appellant for the purpose of obtaining testimony to show that John E. Ragsdale was a person of sound mind and that the appellant would be the beneficiary under all of the testimony which was or would be obtained relating to such matters showing that a will was completely and properly executed; that in the employment of the said Dorbandts, certain valuable and useful information and knowledge were imparted to them as such attorneys and were acquired during the professional relationship of attorney and client; that a certain cause No. 14,131 in the District Court of Cherokee County, Texas, the plaintiffs in said suit had given written notice of intention to take the oral depositions of J. C. and Morris Dorbandt; that the purpose of the depositions was to obtain certain confidential communications, information and secrets which were imparted to said attorneys by either John E. Ragsdale or appellant during the professional relationship as attorney and client; that the only facts which said parties could testify to would be those facts obtained by virtue of the employment of said Dorbandts as attorneys, which said J. C. and Morris Dorbandt undertook to ascertain by investigations made by them.

"That the said J. C. Dorbandt so advised the attorney for appellant that he would, if placed under oath disclose any and all facts of which he had knowledge or

of which he acquired knowledge by virtue of his employment as aforesaid and that he, the said J. C. Dorbandt, felt that he owed Charlotte Ragsdale no duty whatever since he had been discharged from employment. Plaintiff alleged irreparable damages would result to her from the disclosure of such information to the adverse parties; that she had no adequate and legal remedies at law and unless an injunction be granted, she could not be protected.

"On May 17th, 1939, District Judge C. E. Brazil granted the writ of injunction as prayed for, provided the appellant executed a bond which was furnished.

"On May 24th, 1939, T. W. Ragsdale et al., filed a petition in intervention and in the alternative for a dissolution of the injunction which had been granted, alleging that they were all of the plaintiffs in cause No. 14,131 pending in the District Court of Cherokee County, Texas, and mentioned in the original petition of the appellant, alleging that the admissibility of the testimony of J. C. Dorbandt and Morris Dorbandt, and that the injunction was void upon grounds (a) that it was issued ex parte without the intervenors being made a party; (b) because the intervenors were necessary parties to such injunction suit; (c) and said suit was filed as an independent suit and not as a part of or ancillary to cause No. 14,131, and the only relief sought was a writ of injunction; (d) that there was a permanent injunction issued rather than temporary injunction; (e) because it was issued against J. C. and Morris Dorbandt who resided in Smith County, Texas, and was not returnable to Smith County, Texas, where they resided; (f) because the said injunction prohibited the defendants J. C. and Morris Dorbandt from testifying as to any fact with reference to their observation of John E. Ragsdale, and with reference to the signing and witnessing of wills, from giving the names of the witnesses to the will; (g) because Charlotte Ragsdale, appellant, made affidavit upon the fact that her attorney had a conversation with J. C. Dorbandt and affidavit was based upon hearsay."

The main case, out of which this action grew, was before this court (Ragsdale v. Ragsdale, 119 S.W.2d 148), on an appeal from an order of the District Court of Cherokee County appointing a receiver for the property in controversy, and was before the El Paso Court of Civil Appeals on an appeal from an order appointing an administrator. Ragsdale v. Prather, 132 S.W.2d 625. Reference is made to both of those appeals for a full and complete statement of the nature of the main suit now pending on the docket of the District Court of Cherokee County, Texas.

The basis for the injunction sought in the court below was the allegation by appellant that attorneys J. C. and Morris Dorbandt of Tyler, Smith County, Texas, "if not restrained, will disclose any and all information obtained by virtue of said prior employment as well as the results of any and all investigations made by said Morris Dorbandt and J. C. Dorbandt and that irreparable injury and damage will result to the plaintiff (appellant) by the disclosure of the secrets * * *." On May 17, 1939, the court below upon presentation of appellant's application therefor without notice to any of the adverse parties, granted the injunction prayed for against J. C. and Morris Dorbandt, attorneys of Tyler, Texas. On June 15, 1939, "pursuant to previous setting and notice to all parties" the motion of appellees to dissolve the temporary injunction was granted.

Trial was to the court without a jury. No findings of fact and conclusions of law were filed by the trial court, and there is no request therefor in the record, so, if the judgment of the court below can be affirmed on any theory, it is our duty to do so. Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 12 S.W. 2d 169; Adcock v. Shell, Tex.Civ.App., 273 S.W. 900, writ refused; Boyd v. Keystone Driller Co., Tex.Civ.App., 6 S.W.2d 221, writ refused; Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111 (opinion by Judge Slatton, now of Com.App.); Bolyard v. Toronto Pipe Line Co., Tex.Civ.App., 120 S.W.2d 960, writ dismissed. On the latter hearing testimony was heard among which was that of J. C. and Morris Dorbandt. J. C. Dorbandt, in answer to questions by appellant's attorney, testified by deposition in part as follows:

"Q. Did I not ask you further if you were going to disclose any confidential communications or any results of any investigation or any matters that had occurred between you and Charlotte Ragsdale and John E. Ragsdale? A. Yes, I think you asked me that question.

"Q. And did you not state then that when you were placed under oath that

you would testify as to what you thought was right? A. Yes, sir, I said that.

"Q. And did you say anything about— A. Let me explain that answer right here.

"Q. All right. A. And by—if those were the exact words that I used—by that I meant that in case I was placed under oath and compelled to *testify in regard to this matter, that I would testify as to such matters as in my opinion were admissible in evidence and did not violate my duty to a client.*"

At said hearing Morris Dorbandt testified by deposition in part as follows:

"Q. Mr. Dorbandt, until you are compelled by the court, if Charlotte Ragsdale (appellant) objects to any testimony that may call for the divulging of any confidential communication or the result of any of your investigations while you were employed by her, if you were called upon to give such information, you would refuse to do so? A. If the question that was asked me, *if I considered it violated a moral or a legal duty to her, I would not answer it.*

"Q. *Until compelled to do so?* A. *That's right.*" (All italics ours.)

This testimony, in our opinion, was sufficient to and no doubt did convince the trial judge that the attorneys had no intention of violating the duty they owed appellant, a former client, not to divulge confidential communications received by them during said employment. In these circumstances, the necessity for an injunction to prevent a disclosure of such confidential communication was wanting and the trial judge's order dissolving the temporary injunction theretofore granted without notice was proper. The court below was the trier of the facts involved in this action, and the judgment rendered therein being based upon sufficient testimony, must be sustained.

For another reason we think the judgment of the lower court should be affirmed. To correctly pass upon the admissibility of the proposed testimony, it would be necessary (1) to determine whether the relation of attorney and client existed between the Dorbandts and Charlotte Ragsdale; and (2) whether all, a part, or none of the said testimony was privileged. These questions of law affecting the admissibility of the Dorbandts' testimony could not be determined at the time of the taking of their depositions by either the Dorbandts themselves, Charlotte Ragsdale, or the Notary. These questions, of necessity, will have to be determined by the district judge in whose court the main case is pending when the depositions are offered in evidence on the trial thereof, and not before.

Finding no error in this record, the judgment is affirmed.