### ZENITH CORPORATION v. COOK OPERATING CO.

No. 5636.

Court of Civil Appeals of Texas. Texarkana.

June 27, 1940.

Richard Nicolds, of Longview, for plaintiff in error.

H. P. Smead and Earl Roberts, both of Longview, for defendant in error.

HALL, Justice.

In the court below plaintiff in error was defendant, and defendant in error was plaintiff, and they will be so designated here. Plaintiff instituted this suit against defendant for $863.75 for labor performed by it and by Volunteer Development Company, whose assignment it held, as shown by sworn account attached to its petition. It was alleged that plaintiff and Volunteer Development Company had each fixed a mechanic's and laborer's lien on certain of defendant's oil properties·which it sought to foreclose. Defendant answered by general demurrer and plea of accord and satisfaction to the effect that it had transferred and assigned to plaintiff certain oil interests in full satisfaction of the indebtedness owing by it to plaintiff. Defendant denied certain specific items in plaintiff's sworn account, and by way of cross-action alleged that plaintiff was indebted to it in the sum of $153.90 for which it sought judgment. Trial was to the court without a jury, which resulted in judgment for plaintiff.

Defendant's only proposition asserts that the judgment of the court below is not sustained by the evidence for the reason that it established accord and satisfaction by clear proof. No findings of fact and conclusions of law were filed by the trial court, and there is no request therefor, so, if the judgment of the court below can be affirmed on any theory, it is our duty to do so. Texas Creosoting Co. v. Hartburg Lbr. Co., Tex.Com.App., 12 S.W.2d 169; Adcock v. Shell, 273 S.W. 900, writ re-

fused; Boyd v. Keystone Driller Co., Tex. Civ.App., 6 S.W.2d 221, writ refused; Johnson v. Campbell, Tex.Civ.App., 107 S. W.2d 1111; Bolyard v. Toronto Pipe Line Co., Tex.Civ.App., 120 S.W.2d 960, writ dismissed.

We have carefully examined the testimony in the record and conclude that it amply supports the judgment of the trial court.

The judgment is therefore in all things affirmed.