**PHILLIPS et al. v. MINDEN INDEPENDENT SCHOOL DIST. et al.**

No. 5797.

Court of Civil Appeals of Texas. Texarkana. May 29, 1941.

Rehearing Denied July 3, 1941.

Adams & McAlister, of Nacogdoches, for appellants.

Caves, Waldrop & Shaw, of Henderson, for appellees.

HALL, Justice.

Appellants were plaintiffs and appellees were defendants in the trial court and will be so designated here.

On October 26, 1939, plaintiffs as patrons and taxpayers of Shiloh Common School District No. 7 of Rusk County, hereafter called Shiloh, brought this action in the district court against the Rusk County Board of School Trustees and Minden Independent School District, also of Rusk County, hereafter called Minden, to dissolve the order consolidating Shiloh with Minden, dated March 6, 1939. The grounds alleged for setting aside the consolidation are: (1) That Article 2922a, R.C.S. 1925, Vernon's Ann.Civ.St. art. 2922a, is unconstitutional; (2) that said consolidation was brought about by fraud and connivance of two of the trustees of Shiloh with the officers of Minden, having for its purpose the building up of Minden and destroying the school spirit of Shiloh; (3) that the

petition of Shiloh for consolidation was signed by only two of its trustees; (4) that the consolidation destroys the school theretofore existing in Shiloh; (5) that the territory included in said consolidated district is not sufficiently described in the order of consolidation; and (6) that Minden had less than 250 scholastic population for the school year 1939. The substance of defendants' answer is shown by the following excerpt from their brief:

"Defendants by their answer, challenged the jurisdiction of the district court to hear and determine the cause for the reason that plaintiffs had not appealed to the higher school authorities from the alleged acts and proceedings of the Rusk County School Board before filing the suit; that since such district had been operating as such under color of law from its creation, the legality of the order creating the district could only be questioned by the State of Texas, and that such a suit could not be maintained by plaintiffs for the purpose of annulling the district so created. Defendants also filed a general demurrer and various special exceptions and general denial."

Trial was to the court without a jury, which resulted in judgment that plaintiffs take nothing.

By their 1st proposition plaintiffs assert that Article 2922a, R.C.S.1925, is unconstitutional and void as being repugnant to the due process clause of the Federal and State Constitutions. That portion of Article 2922a applicable here provides that upon the approval of the Board of Trustees of each school district affected, the County School Trustees shall have the power to form rural high school districts by annexing a contiguous common school district to an independent school district. The record reveals that on March 4, 1939, two of the trustees of Shiloh as well as the Board of Trustees of Minden, addressed a petition to the Rusk County School Board requesting said Board to annex Shiloh to Minden, and that on March 6, 1939, the Common School Board granted said request and annexed Shiloh to Minden, forming a rural high school district to be known as Minden Independent School District. The order of annexation followed the provisions of Article 2922a. The constitutionality of this article of the statute has now been definitely established by the courts of this state and of the United States. It is said in County Board of

**1116**

School Trustees of Hale County v. Mayfield Common School Dist., Tex.Civ.App., 140 S.W.2d 956, 960, writ dismissed, "The constitutional authority of the Legislature to grant such powers to the county school boards is no longer an open question." See authorities there cited. Many other cases of like import might be cited, but we deem it unnecessary. This proposition is overruled.

■ Plaintiffs' third proposition asserts that the annexation of Shiloh to Minden was illegal for the reason that only two of the three trustees of Shiloh acted in petitioning for said annexation. There is no merit in this contention. We think the reasonable construction of Article 2922a requires only a majority of the school trustees to act in signing a petition for annexation to the County School Board. This very question, however, has been passed upon adversely to plaintiffs' contentions in Barnhart v. County Board of School Trustees of Young County, Tex. Civ.App., 108 S.W.2d 770; Young County Board of School Trustees v. Bailey, Tex. Civ.App., 61 S.W.2d 130, writ refused; and in the recent case of County Board of School Trustees v. Gray, Tex.Civ.App., 142 S.W.2d 697, 699, writ refused. In this case last cited it is said: "It has been held to be immaterial whether or not one of the trustees of the Mangum district desired to withdraw his name from the petition for annexation, in that it has been determined that it is only required that a majority of said board sign such petition consenting to the annexation," citing the Barnhart case, supra.

■ The other propositions brought forward relate to issues of fact. As said in the beginning, this case was tried before the court. No findings of fact were filed by the court and none were requested, so its judgment on these issues must be sustained if supported by the evidence. Adcock v. Shell, Tex.Civ.App., 273 S.W. 900, writ refused; Bolyard v. Toronto Pipe Line Co., Tex.Civ.App., 120 S.W.2d 960, writ dismissed, and authorities there cited. We have examined the record very carefully and conclude that the evidence in all respects amply supports the judgment of the trial court. These propositions are overruled.

The judgment is in all things affirmed.