## GRAYS et al. v. HARRISON.

### No. 5610.

Court of Civil Appeals of Texas. Amarillo.

April 10, 1944.

Rehearing Denied May 8, 1944.

E. J. Conn and Tom F. Coleman, Sr., both of Lufkin, for appellants.

C. E. Brazil, of Lufkin, for appellee.

PITTS, Chief Justice.

This is a suit in trespass to try title filed August 12, 1942, by appellants, Lela Grays, joined by her husband, Alfred Grays, against appellee, William Harrison, to recover title and possession of lot 4, block 1, Adams Addition, City of Lufkin, Angelina County.

Appellee answered with a plea of not guilty, general denial, that he was a purchaser in good faith himself of the property in question and pleaded the ten years statute of limitation.

The case was tried before the court without a jury and judgment was rendered March 31, 1943, denying appellants any recovery and awarding title and possession of the property in question to appellee, from which judgment appellants perfected their appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District at Beaumont and the same was transferred to this court by the Supreme Court of Texas.

Appellants complain that the evidence does not support the judgment. It was agreed and stipulated that D. H. Adams was a common source of the record title of the property in question. The record discloses that appellee purchased by warranty deed the land in question from D. H. Adams on December 16, 1924, for a consideration of $200, payable $50 in cash and the execution of two vendor's lien notes 'for $75 each, in each of which notes the said land was described and each of said notes had been paid when due. The record further discloses that appellee went into possession of the land when he bought it, fenced it and had continuously occupied it, cultivated it and rendered it for taxes for a period of nineteen years, although he did not file his deed for record until November 8, 1941.

The record also discloses that appellant, Lela Grays, purchased out of her separate funds by warranty deed the property in question from D. H. Adams on May 28, 1926, for a consideration of $250 in cash and filed her deed for record on June 1, 1926. Lela Grays testified that she made no inquiry about the property, the title, or whether or not the grantor owned it when she bought it but left the said property in charge of Mack Ernest Page and moved with her husband in 1927 to the State of Washington, where they have since lived.

There was no request for findings of fact and conclusions of law and none filed, but the trial court found in the judgment that appellee purchased in good faith the property in question on December 16, 1924, prior to the time appellant, Lela Grays, purchased it; that appellee went immediately into actual possession of the said property and had continuously had actual, peaceable and adverse possession of the same and had used, cultivated and enjoyed the same for more than ten years prior to the filing of this suit.

The evidence fully supports the above findings of the trial court set forth in the judgment and both appellants and this court are therefore bound by such findings. The rule is well recognized that facts necessary to support the judgment of the trial court will be presumed to have been found by the trial court if the findings were supported by the evidence, whether there be a partial finding filed or no findings of fact filed. Krumb et al. v. Porter et al., Tex.Civ.App., 152 S.W.2d 495; Phillips et al. v. Minden Independent School Dist. et al., Tex.Civ.App., 152 S.W.2d 1114; Bolyard v. Toronto Pipe Line Co., Tex. Civ.App., 120 S.W.2d 960; Coker et al. v. Benjamin et ux., Tex.Civ.App., 83 S.W.2d 373; Eaton et al. v. Husted et al., Tex.Civ. App., 172 S.W.2d 493 and Adcock v. Shell, Tex.Civ.App., 273 S.W. 900.

Appellants claim that they were innocent purchasers of the land in question and that the trial court for that reason erred in rendering judgment against them. The record discloses and the trial court found that appellee went into possession

of the land before appellants purchased it and that appellee therefore had prior possession of the same. It is elementary law that possession of land is prima facie evidence of title as against one who is not in possession but claims adversely against the person in possession. Pacific Exp. Co. v. Dunn, 81 Tex. 85, 16 S.W. 792; Edrington v. Butler et al., Tex.Civ.App., 33 S.W. 143, and Allen et al. v. Boggess et al., 94 Tex. 83, 58 S.W. 833. The record also discloses that Lela Grays testified that when she purchased the land in question she made no inquiry about the property, the title, or whether or not the grantor owned it. If she had exercised the slightest diligence she would have found appellee in possession of the land and certainly she would have found him in possession of it if she had exercised ordinary care. The trial court likewise properly found that appellee was entitled to the land by reason of the ten years statute of limitation. Under the record we overrule appellants' claim of their right to title and possession of the property as innocent purchasers and because the evidence does not support the judgment. It appears to us that the evidence fully supports the judgment.

■■ Appellants complain further that the trial court erred in overruling their motion for a new trial in which they alleged newly discovered evidence, to-wit, forgery of the deed by alteration, but appellee excepted to such a pleading in the said motion on the ground that the said motion was not verified and the trial court sustained the exception and overruled appellants' motion for a new trial. We think the trial court properly overruled the said motion because it was not verified. Bradford v. Manney, Tex.Civ.App., 133 S.W. 2d 601 and Krider et ux. v. Hempftling et al., Tex.Civ.App., 137 S.W.2d 83, and authorities there cited. In appellants' pleadings upon which they went to trial they did not allege forgery of a deed by alteration but they did allege that D. H. Adams did not execute a deed conveying the land in question to appellee. The trial court heard testimony on the issue and found against appellants on the issue raised. The deed conveying the property to appellee and the two vendor's lien notes, above referred to, in which the property was described, were in evidence and before the trial court. For the reasons stated above, we overrule appellant's complaint that the trial court erred in overruling their motion for a new trial.

We have carefully examined appellants' assignments of error and the record and find no reversible error. The judgment of the trial court is affirmed.